# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JENNIFER CARPENTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-256-CG** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Jennifer Carpenter brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The parties have consented to the jurisdiction of a United States Magistrate Judge. Upon review of the administrative record (Doc. No. 9, hereinafter "R. _"), and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.[1]

## PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her application for DIB on June 30, 2014, alleging a disability onset date of April 10, 2013. R. 10, 179-80. Following denial of Plaintiff's application initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on November 10, 2015. R. 27-67, 95-98, 100-02. The ALJ issued an

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

unfavorable decision on January 21, 2016. R. 10-23. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 1-3; *see also* 20 C.F.R. § 404.981. This action for judicial review followed.

As relevant here, the Commissioner uses a five-step sequential evaluation process to determine eligibility for disability benefits. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520, .1520(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 10, 2013, the alleged onset date. R. 12. At step two, the ALJ determined that Plaintiff had the severe impairments of degenerative disc disease, obesity, depressive disorder, and anxiety disorder. R. 12-13. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 13-15.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of her impairments. R. 15-22. The ALJ found that Plaintiff had the RFC to perform sedentary work subject to the additional limitations that Plaintiff:

> is able to occasionally balance, stoop, crouch, kneel and climb ramps and stairs, but never crawl or climb ladders, ropes, or scaffolds. [Plaintiff] is able to understand, remember, and carry out simple and some complex instructions. [Plaintiff] is able to have occasional interaction with supervisors, co-workers, and the public. [Plaintiff] is able to work in a low stress job, defined as only occasional decision making and occasional changes in the work setting.

R. 15; *see* 20 C.F.R. § 404.1567(a) (defining "sedentary work"). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work and that transferability of job skills was not a material issue. R. 22.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. Taking into consideration the hearing testimony of a vocational expert regarding the degree of erosion to the unskilled sedentary occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform occupations such as addresser, sorter, and touch-up screener, all of which offer jobs that exist in significant numbers in the national economy. R. 22-23. On this basis, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from April 10, 2013, through the date of the decision. R. 23.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a

whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff presents two claims of error: (1) the ALJ erred by "cherry-pick[ing]" portions of the consultative examiner's opinion, and (2) the ALJ erred in his evaluation of the opinions of the state agency psychologists. *See* Pl.'s Br. (Doc. No. 11) at 2-4.

A.  *Whether the ALJ Properly Considered the Consultative Examiner's Opinion*

Plaintiff first argues that the ALJ improperly relied on one statement in a medical opinion while ignoring another statement. *See* Pl.'s Br. at 2-4. On September 4, 2014, Stephanie Crall, PhD, conducted a consultative examination of Plaintiff and issued a report in which she provided the following general impressions:

> In the opinion of this evaluator, [Plaintiff's] ability to engage in work-related mental activities, such as sustaining attention, understanding, and remembering and to persist at such activities was likely adequate for simple and some complex tasks. In the opinion of this evaluator, the presence of depression, anxiety, and chronic back pain likely interfered with her ability to adapt to a competitive work environment, however.

R. 370. In discussing Dr. Crall's report, the ALJ stated as follows:

> As an examining psychologist, the opinion of Dr. Crall has been given partial weight and consideration as not entirely consistent with the record as a

whole.  Greater weight is given to the portion of opinion of Dr. Crall finding [Plaintiff] [can] persist at simple and some complex tasks as the same [is] consistent with the contemporaneous examination as well as the evidence as a whole and has been incorporated into the determination of [Plaintiff's] [RFC]; however, the portion of the opinion stating [Plaintiff's] impairments interfere with her ability to adapt to a competitive work environment is given minimal weight as the same appears to be based on [Plaintiff's] subjective statements rather than the objective evidence.

R. 21.  Plaintiff argues that it was improper for the ALJ to accept the portion of Dr. Crall's report regarding Plaintiff's ability carry out simple and some complex tasks, while rejecting the portion regarding Plaintiff's ability to adapt to a competitive work environment.  Pl.'s Br. at 3-4.

Plaintiff is correct that an "ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004).  Here, however, Dr. Crall's opinion was not uncontradicted.  As the ALJ noted, when assessing Plaintiff's RFC, both state agency psychologists found that Plaintiff "can . . . adapt to a work situation."  R. 21; *see also* R. 76, 90.  Thus, this is not a situation where the ALJ was reviewing an uncontested medical opinion; instead the ALJ was faced with conflicting medical opinions regarding Plaintiff's adaptability.

Contrary to Plaintiff's argument, it is not error in and of itself for an ALJ to agree with a portion of a medical opinion and disagree with another portion.  *See* Pl.'s Br. at 3-4.  Rather, if an ALJ determines that one part of a medical opinion is acceptable while another part is not, the ALJ must explain why.  *See Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (finding error when the ALJ gave "no explanation at all as to why one part

of [the medical] opinion was creditable and the rest was not"). Here, the ALJ did not ignore Dr. Crall's opinion about Plaintiff's adaptability or fail to explain why he discounted that portion of the opinion while accepting another portion. *Cf. Hamlin*, 365 F.3d at 1217 (stating that an ALJ must discuss significantly probative evidence he rejects); *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (finding it improper for an ALJ to ignore medical evidence that could support a finding of disability).

Having previously determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible," the ALJ explained that he discounted Dr. Crall's opinion about Plaintiff's adaptability because the opinion was based on Plaintiff's subjective statements. *See* R. 20, 21; *see also Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2008) (finding ALJ reasonably discounted consultative examiner's opinion when physician did not have a treating relationship with the claimant, his opinion was based on a single, subjective report by the claimant, and his opinion was not supported by the evidence of record); *Hackett v. Barnhart*, 395 F.3d 1168, 1174 (10th Cir. 2005) (concluding that "the ALJ was free to reject" a treating psychologist's medical opinion where the ALJ explained that the opinion "appeared to be based on subjective complaints and isolated instances rather than objective findings" and "contradicted the opinions" of two other treating sources (internal quotation marks omitted)).[2] The ALJ's explanation is sufficient to allow for judicial review and is supported by substantial evidence in the record. *See* R. 369 (Dr. Crall opining that her "diagnostic

---

[2] Plaintiff does not challenge the ALJ's determination regarding her credibility. *See* Pl.'s Br. at 2-4.

impressions are based on [Plaintiff's] clinical presentation as well as her reported history and symptoms" and that "[n]o attempt has been made by [Dr. Crall] to verify the history as described by [Plaintiff]"); *Thomas v. Berryhill*, 685 F. App'x 659, 664 (10th Cir. 2017) ("But unlike the medical opinion in *Hamlin*, [the psychological consultative examiner's] opinion was contradicted by other evidence in the record and the ALJ thoroughly explained why he gave it less weight."); *accord Rael v. Berryhill*, 678 F. App'x 690, 695 (10th Cir. 2017). The Court finds no reversible error in the ALJ's consideration of Dr. Crall's opinion.

B. *Whether the ALJ Properly Considered the Opinions of the State Agency Psychologists*

Plaintiff also contests the ALJ's statement that he gave great weight to the opinions of consulting psychologists because they were "consistent with the serial mental status findings, treating medical records, function reports, objective medical evidence, and the overall longitudinal record in its entirety." Pl.'s Br. at 4; R. 21. Plaintiff argues that this statement is "flawed" and "unreliable" because, contrary to the ALJ's assertion, the consulting psychologists' opinions conflict with Dr. Crall's opinion and the function reports submitted by Plaintiff and her mother. Pl.'s Br. at 4.

Plaintiff does not identify which aspects of the function reports she believes are inconsistent with the consulting psychologists' findings. Though Plaintiff contends that the function report submitted by Plaintiff, *see* R. 196-203 (Exhibit 4E), "paint[s] nothing but a picture of disability," the ALJ relied on this report to find that Plaintiff's "activities

are not consistent with the extent of [her] allegedly disabling impairments." Pl.'s Br. at 4;

R. 20 (citing Exhibits 2E, 4E, and 4F). Specifically, the ALJ stated:

> In particular, the claimant is independent in her personal care. The claimant is able to feed and water her dogs, as well as let them outside. The claimant is able to prepare simple daily meals. She is able to perform light household tasks, such as cleaning, sweeping, and laundry. The claimant is able to leave her home unaccompanied. She is able to drive and navigate a vehicle. The claimant is able to count change, pay bills, and use bank accounts. She is able to shop in stores. The claimant is able to watch television and play games. She finishes what she starts. The claimant is able to use a telephone. The claimant is able to use a computer. The claimant lists an email address in her contact information. She visits with others in person, by telephone, and via computer. The claimant has never been fired or laid off from a job because of problems getting along with other people. She follows written and spoken instructions well. The claimant is able to attend medical appointments.

R. 20; *see also* R. 14 (discussing Plaintiff's function report at step 3 of the sequential analysis). The ALJ's statement regarding the consulting psychologists' opinions does not contradict his assessment of the function reports. Plaintiff does not directly challenge such analysis. *See* Pl.'s Br. at 2-4.

Moreover, the ALJ's statement, viewed in light of his decision as a whole, addresses the consistency of the consulting psychologists' opinions with the record upon disregarding those portions expressly rejected by the ALJ—and it is correct when read in that context. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) ("[C]ommon sense, not technical perfection, is our guide."). Elsewhere in his decision, the ALJ explained his reasons for not accepting a portion of Dr. Crall's opinion. *See* R. 20, 21. Plaintiff's challenge to the weight given Dr. Crall's opinion is discussed (and rejected) above. Similarly, the ALJ explained his reasons for discounting Plaintiff's subjective statements

and statements made by Plaintiff's mother in the third-party adult function report. *See* R. 20, 21. Plaintiff does not dispute the ALJ's findings regarding Plaintiff's credibility or the ALJ's assessment of Plaintiff's mother's statements.

Finally, even if the Court assumed that Plaintiff is correct that these reasons for affording the consulting psychologists' opinions great weight were flawed, Plaintiff does not address the adequacy of the ALJ's additional rationales—namely, the consistency of the opinions with the "treating medical records" and the "objective medical evidence." R. 21. Plaintiff, thus, has not shown that the ALJ's decision to give the consulting psychologists' opinions great weight was unsupported by substantial evidence.

Accordingly, the Court finds no reversible error in the ALJ's statement regarding the weight given to the state agency psychologists.

## CONCLUSION

Based on the foregoing analysis, the decision of the Commissioner is AFFIRMED in accordance with sentence four of 42 U.S.C. § 405(g). Judgment will issue accordingly.

IT IS SO ORDERED this 10th day of August, 2018.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE